IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLTON D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 25-446-KD-MU |
| | ) | |
| HUNTINGTON INGALLS | ) | |
| INDUSTIRES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Carlton D. Johnson, proceeding *pro se*, filed a complaint alleging employment discrimination in the Circuit Court of Mobile County,[1] which was removed to this Court on November 7, 2025. (Doc. 1). Upon review of the complaint, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned finds that Johnson has not alleged any facts to support venue in the Southern District of Alabama and, therefore, **RECOMMENDS** that this action be **TRANSFERRED** to the Southern District of Mississippi.[2]

A civil action may be brought in "(1) a judicial district in which any defendant

---

[1] Johnson did not file a typical complaint. He instead used portions of his EEOC Charge of Discrimination and Inquiry Questionnaire as his complaint. (*See* Doc. 1-1). Defendant, Huntington Ingalls Industries, Inc., states in its Notice of Removal that it was improperly named as Huntington Ingalls Industries. (Doc. 1, PageID.1).

[2] Defendant has filed a motion to dismiss asserting that Plaintiff sued the wrong Ingalls entity, lack of personal jurisdiction, and insufficient service of process. (*See* Docs. 4, 4-1, 7). Plaintiff's response requests leave to amend to substitute the correct defendant. (Doc. 6). Because the undersigned recommends this case be transferred, it also **RECOMMENDS** that the motion to dismiss be left pending for a decision by the transferor court.

resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed "laying venue in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also 28 U.S.C. 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought[.]").

Johnson lists an address for himself in Mobile, Alabama. (Doc. 1-1, PageID.8). Johnson lists his employer as "Huntington Ingalls Industries" with an address of 1000 Jerry St. Pe' Highway, in Pascagoula, Mississippi. (*Id*.). According to Johnson's filing, he was terminated from his position as an electrician at the Ingalls shipyard in Pascagoula on June 9, 2025. (*Id*.). He claims that his Hispanic foreman disciplined him for not being in his work area and for attendance issues in April and May 2025. (*Id*.). On May 16, 2025, he was suspended after a verbal altercation with his foreman. (*Id*.). Following an investigation, he was "terminated for the verbal altercation on May 16, 2025." (*Id*.). As a result, Johnson claims that he "was discriminated against based on [his] race, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id*.).

The events giving rise to the complaint occurred in Pascagoula, Mississippi, and there are no allegations nor any evidence that Defendant resides in Alabama. (*Id*.).

2

Accordingly, venue does not lie in this district. Based on the facts set forth in Plaintiff's complaint, the proper venue is the United States District Court for the Southern District of Mississippi, where Johnson's employer is located and where the events surrounding the alleged discrimination took place. Therefore, in the interest of justice and for the convenience of the parties, and considering Plaintiff's *pro se* status, it is **RECOMMENDED** that this case be transferred to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

the Magistrate Judge is not specific.

**DONE** this the 5th day of May, 2026.

s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**